IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DALTON COODY                                                                                       PLAINTIFF

v.                                      CIVIL NO. 20-cv-2060

KILOLO KIJAKAZI, Acting Commissioner                                           DEFENDANT
Social Security Administration

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Plaintiff, Dalton Coody, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the commissioner of the Social Security Administration (Commissioner), denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed his current application for DIB on August 22, 2019, alleging an inability to work since November 11, 2018, due to a back injury, PTSD, nerve damage, chronic migraines, heart issues, high blood pressure, and an injury to his left leg involving the ACL. (Tr. 30, 194). An administrative hearing was held on September 24, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 30, 51–67). A vocational expert (VE) also testified.

On July 7, 2021, the ALJ issued an unfavorable decision. (Tr. 21–42).  The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: posttraumatic stress disorder, anxiety, depression, disorder of the back, disorder of

the left knee, migraines, and hypertension. (Tr. 32). However, after reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 CFR Appendix I to Subpart P of 404, Regulation No. 4. (Tr. 32–34). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except work can be performed where interpersonal contact is routine but superficial, e.g. grocery checker, tasks should be no more complex than those learned by experience with several variables and judgment within limits, and supervision required is little for routine tasks but detailed for non-routine.
> (Tr. 34–40).

With the help of a VE, the ALJ determined that Plaintiff could not perform any of his past relevant work but would be able to perform the representative occupations of document preparer, call out operator, and cutter and paster. (Tr. 41–42). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from November 11, 2018, through the date of his decision. (Tr. 42). Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on February 16, 2022. (Tr. 1–5). Subsequently, Plaintiff filed this action. (ECF No. 2). This matter is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). Both parties have filed appeal briefs (ECF Nos. 14, 15), and the case is ready for decision.

### I.    Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports

the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education,

and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II. Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred by failing to order consultative examinations, resulting in an underdeveloped record; 2) whether the ALJ erred at step two by failing to consider Plaintiff's bilateral tinnitus and paresthesia; and 3) whether the ALJ erred in his RFC analysis. (ECF No. 14). Defendant argues that the ALJ fully and fairly developed the record, substantial evidence supported the ALJ's step two findings, and the ALJ properly evaluated Plaintiff's subjective complaints and RFC. (ECF No. 15).

Of particular concern to the undersigned is the ALJ's failure to include any migraine related limitations in the RFC, discuss the impact of chronic migraines on Plaintiff's RFC, or order further testing to clarify the impact of Plaintiff's chronic migraines on his RFC. The Court finds remand is necessary to allow the ALJ to clarify his RFC findings and procure further evidence from a VE regarding whether there are any jobs Plaintiff would be able to perform.

The ALJ found Plaintiff's migraines to be a severe impairment. (Tr. 32). It is well established that an impairment is severe only if it has a more than minimal effect on Plaintiff's ability to work. "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); 20 C.F.R. § 404.1521(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)).

Finding Plaintiff's migraines to be a severe impairment was in line with Plaintiff's testimony and the medical evidence of record. Plaintiff testified that he suffered from migraines on a daily basis, and that he had been diagnosed with chronic, intractable migraines by Dr. Michael Morse. (Tr. 65). Plaintiff testified that he had not received relief from any of the medications and treatments, including AJOVY injections, Botox, nerve blocks, and oral medications. (Tr. 66). The only thing that was helping his migraines was to go to a dark, silent room, and that even with all of the pain medication he was on for his back, he could still feel the pain in his head. Medical records corroborate Plaintiff's testimony. (Tr. 456–57). Dr. Morse, a neurology specialist, first saw Plaintiff in May of 2019 upon referral from Dr. Blankenship, at which time Plaintiff had been having headaches for three years which had become daily headaches more than three months prior. His headaches had worsened after an accident at work in November of 2018, wherein he was hit in the head with a 90-pound clutch. He had tried occipital nerve blocks in the past, which had only made his headaches worse. Plaintiff told Dr. Morse that he usually had to go to bed as he had intense phonophobia, photophobia, blurred vision, and nausea. Dr. Morse initially prescribed Depakote 500mg, as Topamax was contraindicated due to Plaintiff's kidney stones. Plaintiff saw Dr. Morse again in July of 2019, and Rizatriptan benzoate 10mg was added to his medication regimen. (Tr. 455). Plaintiff was also sent for an MRI, which was within normal limits. (Tr. 460). Plaintiff saw Dr. Morse again in August of 2019, and reported that an epidural steroid injection for his spine pain had worsened his migraines and the new medication had not been helpful. (Tr. 453). Dr. Morse prescribed Plaintiff AJOVY injections. (Tr. 454). Plaintiff was last seen by Dr. Morse on November 19, 2019, when he reported that AJOVY was also ineffective. (Tr. 994). Dr. Morse's notes state "I am out of ideas, will refer to Dr. Kaplan in KC." (Tr. 995). Plaintiff testified that he had called Dr. Kaplan, because he was worried about driving that far without reassurance that they

had treatment options he had not tried, and Dr. Kaplan confirmed that they did not have treatments Plaintiff had not tried. (Tr. 67).

Despite finding Plaintiff's migraines severe at step two, the ALJ does not elucidate any limitations this impairment would cause in his RFC discussion. (Tr. 34–40). The RFC findings do not appear to contemplate any limitations stemming from Plaintiff's chronic, intractable migraines. The ALJ did consider Dr. Morse's opinion — wherein he indicated Plaintiff had a poor response to medication and would miss more than one day per week of work due to migraines —and found the opinion unsupported by treatment notes but was based upon Plaintiff's subjective reports as Dr. Morse had never indicated witnessing an active migraine. (Tr. 39, 680). Lance Clouse, APRN, also provided a headache form which was considered by the ALJ and found unpersuasive. (Tr. 680). The ALJ found the State Agency consultants' opinions that Plaintiff could perform light, semiskilled work to be unpersuasive. (Tr. 39). The ALJ sent Plaintiff for a physical consultative examination, which was performed by Veronica Dockery, PA. (Tr. 1009–1015). PA Dockery noted Plaintiff's chronic migraines but did not provide any opinion as to what impact that impairment would have on Plaintiff's RFC. The ALJ did not find any opinion that provided limitations for Plaintiff's migraines to be persuasive. (Tr. 39). The ALJ thus erred in failing to account for the limitations of Plaintiff's severe impairment of chronic migraines in his RFC findings.

On remand, the ALJ should clarify his RFC findings, specifically addressing Plaintiff's migraine related impairments. The ALJ is directed to address interrogatories to a neurologist requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's

6

ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### III. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of May 2023

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE